BY FAX

COPY

1   Patrick A. Fraioli (SBN 191824)
      pfraioli@ecjlaw.com
2   David Tarlow (SBN 214050)
      dtarlow@ecjlaw.com
3   **ERVIN COHEN & JESSUP LLP**
      9401 Wilshire Boulevard, Ninth Floor
4   Beverly Hills, California 90212-2974
      Telephone  (310) 273-6333
5   Facsimile  (310) 859-2325

6   Wendy E. Giberti (SBN 268933)
      wgiberti@igeneralcounsel.com
7   iGeneral Counsel P.C.
      P.O. Box 3054
8   Manhattan Beach, CA 90266
      Telephone:  (424) 212-8718
9   Facsimile:  (310) 280-4951

10   Attorneys for Internet Brands, Inc.

FILED
CLERK, U.S. DISTRICT COURT

JAN 2 5 2011

CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

11

12          **UNITED STATES DISTRICT COURT**

13       **CENTRAL DISTRICT OF CALIFORNIA**

14

15

| | |
|---|---|
| IN THE MATTER OF THE DEPOSITION SUBPOENAS SERVED ON INTERNET BRANDS, INC'S ATTORNEYS AND CHIEF TECHNOLOGY OFFICER,<br><br>       Movant. | **CV11 0751 PSG (RZx)**<br><br>Miscellaneous Case No.<br><br>Civil Action No. 10-cv-00276 (Pending in the United States District Court for the Eastern District of Texas)<br><br>MOTION TO QUASH SUBPOENA<br><br>DATE: MARCH 7, 2011<br>Time: 1:30 P.M<br>Courtroom: 880 |

28

IDOCS:13379.15:1164670.1         1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ERVIN COHEN & JESSUP LLP

## TABLE OF CONTENTS

**Page**

I.    BACKGROUND FOR MOTION ...........................................................................2

    A.    Giberti Deposition Subpoena ...................................................................3

    B.    Walsh Deposition Subpoena ....................................................................4

    C.    Rosenblum Deposition Subpoena ............................................................5

II.   ARGUMENT AND BRIEF OF AUTHORITIES........................................................7

    A.    Quashing Deposition Subpoenas Seeking Privileged Information is
        Warranted ................................................................................................7

    B.    Court Should Prevent Oppressive, Harassing, Inconvenient, and
        Burdensome Depositions of Executive Officials of Internet Brands ..................12

    C.    Entry of Protective Order is Appropriate ....................................................13

III.  CONCLUSION ...........................................................................................15

**ERVIN COHEN & JESSUP** LLP

1

### TABLE OF AUTHORITIES

2

**Page**

3   Baine v. General Motors Corp., 141 F.R.D. 332, 335-36 (M.D. Ala. 1991) ................................. 12

4   Desert Orchid Partners, LLC v. Transaction Systems Architects, Inc., 237 F.R.D. 215, 218
        (D. Neb. 2006). ...........................................................................................................................11,12

5

6   Evans v. Allstate Insurance Co., 216 F.R.D. 515, 518-19 (N.D. Okla. 2003) ...............................13

7   Gallas v. Supreme Court of Pa., 211 F.3d 760, 778 (3rd Cir. 2000)................................................ 12

8   Gay v. P. K. Lindsay Co., Inc. 666 F.2d 710, 713 (1st Cir. 1981) cert. denied, 456 U.S. 975,
        102 S.Ct. 2240, 72 L.Ed. 2d 849 (1982) ....................................................................................... 9

9   In re Isbell Records, Inc., 586 F.3d 334, 337 (5th Cir. 2009) ......................................................... 10

10   O'Connor v. Boeing North America Inc., 216 F.R.D. 640, 643 (C.D.Cal. 2003) ........................... 9

11   Pamida Inv. V. E.S. Originals, Inc., 281 F.3d 726, 729-30 (8th Cir. 2002).............................. 7,11

12   Philip H. Hunkle v. Wilcox, 815 S.W.2d 855, 857 (Tex.App.-Corpus Christi 1991, writ
        denied) ......................................................................................................................................... 10

13   Positive Black Talk Inc. v. Cash Money Records, Inc., 394 F.3d 357, 377 (5th Cir. 2004).............14

14   Reeg v. Fetzer, 78 F.R.D. 34, 36 (W.D.Okla. 1976) ....................................................................... 7

15   Reif v. CAN, 248 F.R.D. 448, 451 (E.D. Pa. 2008) ................................................................... 7,12

16   Pamida Inv. V. E.S. Originals, Inc., 281 F.3d 726, 729-30 (8th Cir. 2002)..................................... 7

17   Salter v. Upjohn, 593 F.2d 649, 650 (5th Cir. 1979)...................................................................... 12

18   Simmons Foods, Inc. v. Willis, 191 F.R.D. 630-631 (D.Kan. 2000) .............................................. 11

19   Theriot v. Parish of Jefferson, 185 F.3d 477, 491 (5th Cir. 1999) ................................................... 7

20   Upjohn v. United States, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 854 (1981)............................. 11

21

22

### RULES

23

24   Rule 45(c)(3), FED. R. Civ. P. ....................................................................................................... 14

25   Rule 26(c) and 45(c)(3). ................................................................................................................. 13

26   Federal Practice and Procedure Section 2463 (2d ed.1995)........................................................... 13

27

28

**MOTION TO QUASH DEPOSITION SUBPOENAS SERVED ON INTERNET BRANDS, INC.'S ATTORNEYS AND CHIEF TECHNOLOGY OFFICER AND MOTIONS FOR PROTECTIVE ORDER**

Internet Brands, Inc. ("Internet Brands"), a party to an action styled, *David Whitinger v. Internet Brands, Inc. and Michael Egan*, Civil Action No. 10-cv-00276, pending in the United States District Court for the Eastern District of Texas ("Texas Defamation Action"), submits its Motion to Quash the Deposition Subpoenas served on Internet Brands' Attorneys and Chief Technology Officer and Motion For Protective Order and, in support thereof, would respectfully show the Court as follows:

**I.   BACKGROUND FOR MOTION**

On January 6, 2011, Internet Brands was served through its Texas trial counsel with two Subpoenas to Testify At A Deposition In A Civil Action, and accompanying Notice of Intention to Take Oral/videotaped Deposition by David Whitinger ("Whitinger"), Plaintiff in the Texas Defamation Action, calling for the appearance of Wendy Giberti, Esq. ("Giberti") and B. Lynn Walsh, Esq. ("Walsh"), two Internet Brands attorneys, for depositions in that action on January 25 and 26, 2011, in El Segundo California.   True and correct copies of the deposition Subpoenas for Giberti and Walsh are attached hereto as **Exhibits A and B** and incorporated herein by reference.

On January 10, 2011, Joseph Rosenblum ("Rosenblum"), Internet Brands' Chief Technology Officer, also was served with a Subpoena to Testify At A Deposition In A Civil Action, and accompanying Notice of Intention to Take Oral/Videotaped Deposition by Whitinger, calling for him to appear for a deposition

ERVIN COHEN & JESSUP LLP

ERVIN COHEN & JESSUP LLP

1   in the Texas Defamation Action on January 26, 2011, in El Segundo, California.  A

2   true and correct copy of the deposition Subpoena for Rosenblum is attached hereto

3
4   as **Exhibit "C"** and incorporated herein by reference. The deposition Subpoenas and

5   Notices of Deposition for Giberti, Walsh and Rosenblum collectively will be

6   referred to herein as the "Deposition Subpoenas."

7
8       In the Texas Defamation Action, Whitinger asserts claims for defamation and

9   commercial disparagement against Internet Brands and Michael Egan ("Egan"),

10  individually, and seeks a declaration with respect to the enforceability of a non-

11
12  competition agreement he entered into with Name Media, Inc. ("Name Media").  A

13  true and correct copy of the Second Amended Complaint in the Texas Defamation

14  Action is annexed hereto as **Exhibit "D"** and incorporated herein by reference.

15
16      A.    Giberti Deposition Subpoena

17      Wendy Giberti is counsel to Internet Brands in the Texas Defamation Action.

18  To justify the desired deposition of Giberti, Whitinger claims she drafted a cease

19
20  and desist letter based upon information provided to her by Internet Brands

21  employees, including Egan.  The cease and desist letter has never been published

22  and is not the basis for the defamation claims.  Instead, Whitinger's defamation

23
24  claims are based upon the posting on the forum board on the davesgarden.com

25  website by Egan.  The individuals who conducted the investigation with respect to

26  the activities upon which the posting was based were Egan himself, with assistance

27
28  from Armen Abrahamian ("Abrahamian") and Theresa Lea ("Lea").   Egan,

ERVIN COHEN & JESSUP LLP

1  Abrahamian and Lea have already been deposed in the Texas Defamation Action.

2  Egan will be presented for deposition again on January 25, 2011, in El Segundo,

3
   California.  Whitinger has been unable to identify any relevant information that the
4
5  deposition testimony of those three individuals failed to provide him with respect to

6  the defamation claims.

7
8          Whitinger further claims that because Giberti was listed on Internet Brands'

9  Rule 26(a)(1) Initial Disclosures as an "individual possessing discoverable

10
   information" he is entitled to take her deposition. Whitinger's reliance on the Initial
11
12 Disclosures is misplaced. Internet Brands listed Giberti in its Initial Disclosures

13 because, as counsel, she had in her possession non-privileged documents that were

14
   discoverable.  Giberti already has produced all non-privileged communications and
15
16 other documents in her possession to Whitinger, including her email exchanges with

17 Name Media's counsel and the cease and desist letter.

18
          B.    Walsh Deposition Subpoena
19
20         With respect to the desired deposition of Walsh, Whitinger asserts she has

21 knowledge of facts surrounding the Asset Purchase and Sales Agreement with Name

22 Media and the rights and interests assigned under the agreement.  Aside from the

23
   fact that the agreement speaks for itself, Whitinger has made no attempt to depose
24
25 any of the three Name Media representatives he also identified as having knowledge

26 of relevant facts relating to the negotiations and assignment under the Asset

27
   Purchase and Sales Agreement.  As with Giberti, Internet Brands identified Walsh
28

as "an individual possessing discoverable information" because, as counsel, she also has in her possession the underlying agreements with Name Media. Walsh has produced all non-privileged documents in her possession relevant to the assignment of the non-competition agreement to Whitinger, including the acquisition agreements subject to a confidentiality agreement.

C.   Rosenblum Deposition Subpoena

Whitinger seeks the deposition of Rosenblum based on the assertion he is a "fact witness" who *may have knowledge* regarding *the purchase of davesgarden.com website by Internet Brands from Name Media, Inc., matters related to the management of the website, software code(s) pertaining to davesgarden.com, Dave Whitinger's alleged employment relationship with Internet Brands, computer industry standards and trade terms, and investigation criteria for recovery of alleged wrongdoing."* Internet Brands at no time has identified Rosenblum as an "individual possessing discoverable information" because he was not directly involved in any of the activities relating to the posting and underlying investigation at issue in the Texas Defamation Action. See Declaration of Joseph Rosenblum ("Rosenblum Dec.") ¶ 2, attached hereto as **Exhibit "I"** and incorporated herein by reference. Abrahamian was the individual with the most direct involvement in the underlying investigation related to the posting. *Rosenblum Dec.* ¶4. For such reason, Internet Brands designated Abrahamian as its corporate representative to testify on the programming matters relating to the

ERVIN COHEN & JESSUP LLP

ERVIN COHEN & JESSUP LLP

1  davesgarden.com website.   Whitinger deposed Abrahamian in his individual

2  capacity and as Internet Brands' corporate representative on the designated subject

3
4  matter on December 2, 2010.   Whitinger has not been able to identify any

5  information Abrahamian has not been able to provide in his deposition, or the

6  depositions of the other witnesses, that could only be obtain from Rosenblum.   Nor

7
8  has Whitinger identified any information Rosenblum has that is superior or unique

9  to that possessed by Abrahamian or the other witnesses. In fact, Whitinger only

10  states that he believes Rosenblum **may** have knowledge of facts relating to the case.

11
12  Internet Brands' Texas trial counsel has discussed these issues with

13  Whitinger's counsel but was unable to reach any agreement on the matters.

14  Consequently, on January 12, 2011, Internet Brands filed its Motion to Quash

15  Deposition Subpoenas Served on Internet Brands' Attorneys and For Protective

16  Order with the Texas court seeking to quash the depositions of its attorneys on the

17  grounds that the information possessed by Internet Brands' attorneys is either

18  privileged information exempted from discovery or not relevant to the claims in the

19  suit, that their depositions will cause an undue burden on Internet Brands, and that

20  such deposition are being sought solely for the purposes of harassment.

21  On January 21, 2011, the federal district judge presiding over the Texas

22  Defamation Action found that the Texas court lacks jurisdiction over the motion to

23  quash and denied the motion without prejudice to re-filing such a motion in this

24  Court.  A true and correct copy of the Order in the Texas Defamation Action is

25  attached hereto as **Exhibit "E"** and incorporated herein by reference for all

26  purposes.

27  Because Whitinger chose to issue Deposition Subpoenas from the United

28  States District Court for the Central District of California in connection with the

Texas Defamation Action, Internet Brands requests that this Court exercise its power under FED. R. CIV. P. 26 and 45 to quash the Deposition Subpoenas that seek privileged information exempted from discovery or other discovery that is not relevant to the underlying suit, unreasonably cumulative or duplicative, and obtainable from a more convenient, less burdensome, or less expensive source.

## II.   ARGUMENT AND BRIEF OF AUTHORITIES

A.   Quashing Deposition Subpoenas Seeking Privileged Information is Warranted

The scope of discovery is broad, but not unlimited. One fundamental limit is privilege. *Reeg v. Fetzer*, 78 F.R.D. 34,36 (W.D.Okla. 1976). Discovery is also limited if it is "unreasonably cumulative or duplicative," or obtainable from a more convenient, less  burdensome or less expensive source, or the proposed discovery's burden or expense outweighs its likely benefit." *Reif v. CAN*, 248 F.R.D. 448, 451 (E.D. Pa. 2008).

"Generally, federal courts have disfavored the practice of taking the deposition of a party's attorney, instead, the practice should be employed only in limited circumstances." *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 (5th Cir. 1999); *citing Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). To depose Internet Brands' attorneys, Whitinger must meet a difficult burden intended to guard against the "harassing practice of deposing opposing counsel…that does nothing for the administration of justice but rather prolongs and increases costs of litigation, demeans the profession, and constitutes an abuse of the discovery process." See *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 729-30 (8th Cir.

ERVIN COHEN & JESSUP LLP

**ERVIN COHEN & JESSUP** LLP

1    2002).  The Eighth Circuit has viewed the increasingly popular practice of taking

2    opposing counsel's deposition as a negative development in the area of litigation,

3

4    and one that should be employed only in limited circumstances where the party

5    seeking to take the deposition has shown that: (1) no other means exist to obtain the

6

7    information than to depose opposing counsel; (2) the information sought is relevant

8    and non-privileged; and (3) the information is crucial to the preparation of the case.

9    *Shelton*, 805 F.2d at 1327.  Whitinger cannot meet any of the required factors to

10    depose opposing counsel for Internet Brands in the Texas Defamation Action.

11

12         Whitinger cannot show any of the testimony sought from Internet Brands'

13    attorneys is non-privileged and relevant, or even crucial to the preparation of the

14

15    Texas Defamation Action.  Giberti is the principal of iGeneral Counsel P.C. based in

16    California who has been engaged to represent Internet Brands in connection with its

17    dispute with Whitinger.   See Declaration of Wendy Giberti ("*Giberti Dec.*") ¶2,

18    attached hereto as **Exhibit "F"** and is incorporated herein by reference.  Giberti has

19

20    served as counsel for Internet Brands with respect to the Texas Defamation Action

21    and has participated in numerous litigation strategy and trial strategy conferences

22

23    with its Texas trial counsel, James Ruiz of Winstead P.C.  *Giberti Dec.* ¶2.  All of

24    the information Giberti has obtained in connection with the Texas Defamation

25    Action has been in her capacity as outside counsel for purposes of rendering legal

26

27    advice to Internet Brands in connection with its dispute with Whitinger related to the

28    non-competition agreement.  *Giberti Dec.*  ¶2.   Consequently, the relevant

IDOCS:13379.15:1164670.1

8

information she may possess concerning underlying facts related to the action is exempt from discovery under the attorney-client privilege and attorney work product privilege.  *See Gay v. P.K. Lindsay Co., Inc.* 666 F.2d 710, 713 (1st Cir. 1981) *cert. denied*, 456 U.S. 975, 102 S.Ct. 2240, 72 L.Ed.2d 849 (1982).

The First Circuit in *Gay* held that there is no justification for discovery of the statement of a person contained in work product materials when the person is available to be deposed.   Such statements have very little, if any, additional impeachment value above that of the deposition testimony made under oath by the witnesses themselves. *Id.*; compare *O'Connor v. Boeing North America, Inc.*, 216 F.R.D. 640, 643 (C.D.Cal. 2003) (Testimony and interview notes of counsel's investigator regarding interviews relating to lawsuit were protected by work product doctrine.).  As previously stated, Whitinger has deposed Egan, Abrahamian and Lea concerning their investigation relating to the statements in the posting he found offensive.  Giberti had no involvement in the activities leading up to the posting. *Giberti Dec.* ¶4.  In addition, Egan testified in his deposition that he had not read or even seen the cease and desist letter prepared by Giberti until the date of his deposition, six months after the posting. See Deposition Excerpts of Michael Egan ("Egan Depo.") 49:7-50:10, attached hereto as **Exhibit "G."**

Walsh is the General Counsel and Executive Vice President and Corporate Secretary for Internet Brands.  See Declaration of B. Lynn Walsh (*"Walsh Dec."*) ¶1, attached hereto as **Exhibit "H"** and incorporated herein by reference.  Walsh, as

ERVIN COHEN & JESSUP LLP

general counsel, has participated in numerous litigation strategy and trial strategy conferences with Giberti and Internet Brands' Texas trial counsel concerning the Texas Defamation Action. *Walsh Dec.* ¶2. The information Walsh possesses related to the Texas Defamation Action has been acquired in her capacity as General Counsel for Internet Brands. *Walsh Dec.* ¶2. Consequently, as with Giberti, the relevant information she may possess concerning underlying facts related to the defamation claims is exempt from discovery under the attorney-client privilege and attorney work product privilege.

With respect to the information Walsh has concerning the acquisition agreements with Name Media and the assignment of the non-competition agreement, the documents speak for themselves. Any testimony from Walsh concerning the interpretation of agreements relating to the purchase of the davesgarden.com is unnecessary and not relevant to the Texas court's determination of the rights and interests transferred under the agreements. No one has alleged the agreement is ambiguous, thus the Texas court will construe the agreement as a matter of law. *In re Isbell Records, Inc.*, 586 F.3d 334, 337 (5th Cir. 2009)(Court interprets unambiguous assignment agreement); *Philip H. Hunkle v. Wilcox*, 815 S.W.2d 855, 857 (Tex.App.- Corpus Christi 1991, writ denied). Moreover, the issue whether the non-competition agreement is enforceable becomes moot on February 10, 2011. *Walsh Dec.* ¶4. Whitinger's failure to even attempt to obtain any discovery on this issue from the three Name Media individuals he identified as

**ERVIN COHEN & JESSUP** LLP

1   having knowledge of subject belies any claim that the information is crucial to the

2   preparation of his case.   Whitinger and his Texas counsel are well aware that the

3
4   Texas court will construe unambiguous contracts.

5        Courts have found that even when a party meets two of the *Shelton* factors, by

6
7   showing the information sought is non-privileged and crucial, the party's failure to

8   establish that the attorneys' depositions are the only reasonably practical means

9   available for obtaining the information will still defeat an attempt to depose

10  opposing party's counsel.  See *Simmons Foods, Inc. v. Willis*, 191 F.R.D. 630-31

11
12  (D.Kan. 2000); *Desert Orchid Partners, LLC v. Transaction Systems Architects,*

13  *Inc.*, 237 F.R.D. 215, 218 (D.Neb. 2006).  Whitinger cannot point to any relevant

14
15  and non-privileged information crucial to the preparation of his case that he has

16  been unable to obtain from the non-attorney witnesses in the action, or from the

17  non-privileged documents already produced in the action.  Because all the relevant

18
19  information sought by Whitinger can be obtained from sources other than from

20  Internet Brands' attorneys, Whitinger cannot meet his burden of proof to enable him

21  to depose Giberti or Walsh in the Texas Defamation Action.

22        The Eighth Circuit erected the *Shelton* test as a barrier to protect a party's

23
24  attorneys from depositions.  *Pamida*, 281 F.3d at 729.  In-house counsel are

25  afforded the same protection as "outside counsel" with respect to the work product

26  doctrine and the attorney-client privilege.  See generally, *Upjohn v. United States,*

27
28  449 U.S. 383. 101 S.Ct. 677, 66 L.Ed.2d 854 (1981).  The desired depositions of

ERVIN COHEN & JESSUP LLP

1  Giberti and Walsh are simply unnecessary and sought by Whitinger purely for

2  purposes of harassment. For such reasons, the Court should prohibit Whitinger from

3

4  deposing Internet Brands' attorneys.   See, *Desert Orchid*, 237 F.R.D. at 218.

5  (denying deposition of general counsel who participated in litigation strategy).

6       **B.    Court Should Prevent Oppressive, Harassing, inconvenient, and**
7       **Burdensome Depositions of Executive Officials of Internet Brands**

8

9       Courts have significant discretion when resolving discovery disputes. *Gallas*

10  *v. Supreme Court of Pa.,* 211 F.3d 760, 778 (3rd Cir. 2000).  Courts also have the

11  discretion to prevent oppressive, harassing, inconvenient, and burdensome

12  depositions of executive officials. *Reif*, 248 F.R.D. at 453.  In exercising this

13

14  discretion, courts have prevented depositions of high-ranking corporate executives

15  when the executives did not possess personal knowledge or superior unique

16  knowledge on the subject matter and when, as here, the information could be

17

18  obtained from lower level employees or through less burdensome means, such as

19  interrogatories or document requests. *See Salter v. Upjohn*, 593 F.2d 649, 650 (5th

20

21  Cir. 1979)(Party should first depose lower level employees with more direct

22  knowledge); see also, *Baine v. General Motors Corp.*, 141 F.R.D. 332, 335-36

23  (M.D.Ala. 1991)(Plaintiffs need to establish executive had "superior or unique

24

25  personal knowledge" to the suit and lower level employees could not provide the

26  necessary information.).

27

28

ERVIN COHEN & JESSUP LLP

1    Courts have expressed a need to prevent oppressive, inconvenient, harassing

2  and burdensome depositions of executive officials.  See *Evans v. Allstate Insurance*

3  *Co.*, 216 F.R.D. 515, 518-19 (N.D. Okla. 2003).  In *Evans*, the court held that "the

4

5  oral deposition of a high level corporate executive should not be freely granted

6  when the subject of the deposition will be only remotely relevant to issues in the

7

8  case." *Evans*, 216 F.R.D. at 519.  Rules 26(c) and 45(c)(3) give amble discretion to

9  the district courts to quash subpoenas causing "undue burden."

10    Whether a subpoena subjects a party or witness to undue burden generally

11  raises a question of the subpoena's reasonableness which "requires a court to

12

13  balance the interests served by demanding compliance with the subpoena against the

14  interests furthered by quashing it."    *Positive Black Talk Inc. v. Cash Money*

15  *Records, Inc.*, 394 F.3d 357, 377 (5th Cir. 2004).  The balance of the subpoena's

16

17  benefits versus its burdens entails the Court considering whether the information is

18  necessary and unavailable from any other source. *Id.*; See also, 9A CHARLES ALAN

19

20  WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §2463 (2d

21  ed.1995).  The information sought through the Deposition Subpoenas is unnecessary

22  and available from other sources.

23

24    C.    Entry of Protective Order is Appropriate

25    Any testimony from Internet Brands' outside counsel responsible for

26  supervising the Texas litigation (Giberti), its General Counsel and Executive Vice

27

28  President and Corporate Secretary (Walsh) or its Chief Technology Officer

IDOCS:13379.15:1164670.1

13

**ERVIN COHEN & JESSUP** LLP

1  (Rosenblum) concerning the interpretation of agreements relating to the purchase of

2  the davesgarden.com is unnecessary and not relevant to the Texas court's

3

4  determination of the rights and interests transferred under the agreements as a matter

5  of law.  For such reasons, the desired discovery on the interpretation of the

6  unambiguous agreements is a waste of the parties' and the courts' resources and

7

8  constitutes an undue burden on Internet Brands which would be required to incur the

9  unnecessary expense associated with the depositions sought by Whitinger.

10      Giberti, Walsh and Rosenblum also lack unique or superior knowledge of the

11

12  facts relevant to the Texas Defamation Action to justify Whitinger's desire to

13  depose them in that action.  The lower level employees with superior direct

14

15  knowledge of the underlying facts, Egan, Abrahamian, and Lea have all been

16  deposed.  Whitinger has been unable to identify any non-privileged relevant

17  information those witnesses were not able to provide, or that was not discoverable

18

19  through the documents produced in the case.  Nor has Whitinger identified a subject

20  matter relevant to the Texas Defamation Action that Giberti, Walsh or Rosenblum

21  have that is unique or superior to that possessed by the lower level employees and

22  administrators.

23

24      Rule 45(c)(3), Fed. R. Civ. P., requires subpoenas seeking disclosure of

25  privileged matters or causing undue burden to be quashed. Accordingly, since the

26  information sought by Whitinger is either privileged or not relevant to the

27

28  underlying suit, Internet Brands requests the Court to quash the Deposition

IDOCS:13379.15:1164670.1

14

1  Subpoenas seeking the depositions of Giberti, Walsh, and Rosenblum in the Texas

2  Defamation Action, and to issue a protective order pursuant to Fed. R. Civ. P. 26

3
4  and 45, prohibiting discovery into any matters that are exempted from discovery

5  under the attorney-client communication or attorney work product privileges, and

6
7  from Internet Brands' attorneys and Chief Technology Officer until Whitinger can

8  show that those individuals have unique and superior knowledge of relevant and

9  material facts related to the Texas Defamation Action that cannot reasonably be

10 obtained from another source.

11
12                            **PRAYER**

13      For the foregoing reasons, Internet Brands, Inc. respectfully requests the

14 Court to grant its Motion to Quash Deposition Subpoenas Served on Internet

15
16 Brands' Attorneys and Chief Technology Officer and Motion for Protective Order,

17 quashing the Deposition Subpoenas served on Wendy Giberti, B. Lynn Walsh and

18 Joseph Rosenblum in the Texas Defamation Action, and issue a protective order in

19
20 favor of Internet Brands prohibiting discovery from its attorneys and Chief

21 Technology officer until David Whitinger can show such information is relevant and

22 non-privileged and that such individuals have superior or unique knowledge on the

23
24 subject matters. Internet Brands prays for such other and further relief to which it

25 may be justly entitled.

26
27
28

ERVIN COHEN & JESSUP LLP

Respectfully submitted,

ERVIN COHEN & JESSUP, LLP

By: _____
Patrick A. Fraioli, Jr.
David N. Tarlow

**ATTORNEYS FOR MOVANT
INTERNET BRANDS, INC.**

IDOCS:13379.15:1164670.1

16

MOTION TO QUASH

ERVIN COHEN & JESSUP LLP

## DECLARATION OF JAMES RUIZ

I, JAMES RUIZ, hereby declare as follows:

1.    I am counsel for Internet Brands in David Whitinger v. Internet Brands and Michael Egan, Individually, Civil Action No. 6:10-CV-00276-MHS, pending in the U.S. District Court for the Eastern District of Texas, Tyler Division ("the Texas Defamation Action"), am over the age of eighteen and otherwise competent to testify.  I make this Declaration on my own, personal knowledge, and if called to testify in accordance herewith, I would do so.

2.    Exhibit A hereto is a true and correct copy of a deposition subpoena served by counsel for Whitinger in the Texas Defamation Action on approximately January 6, 2011, for the testimony of Wendy Giberti, who is counsel for Internet Brands in the Texas Defamation Action.

3.    Exhibit B hereto is a true and correct copy of a deposition subpoena served by counsel for Whitinger in the Texas Defamation Action on approximately January 6, 2011, for the testimony of B. Lynn Walsh, who is General Counsel for Internet Brands.

4.    Exhibit C hereto is a true and correct copy of a deposition subpoena served by counsel for Whitinger in the Texas Defamation Action on approximately January 6, 2011, for the testimony of Joseph Rosenblum, Chief Technology Officer of Interent Brands.

IDOCS:13379.15:1164670.1

17

ERVIN COHEN & JESSUP LLP

1    5.    Exhibit D is a true and correct copy of the Second Amended Complaint

2  of Plaintiff David Whitinger in the Texas Defamation Action.

3

4    6.    Exhibit E is a true and correct copy of the Order, issued January 21,

5  2001, of the U.S. District Court for the Eastern District of Texas, Tyler Division,

6  where the Texas Defamation Action is pending, denying without prejudice Internet

7

8  Brands' motion to quash the deposition subpoenas that are Exhibits A and B, on the

9  basis that "a motion to quash must be filed in the court where the subpoena issued."

10    7.    Exhibit F hereto is the Declaration of Wendy E. Giberti, Esq., counsel

11 for Internet Brands in the Texas Defamation Action, in support of this Motion to

12

13 Quash.

14    8.    Exhibit G hereto is a true and correct copy of twelve (12) pages from

15

16 the transcript of the deposition of Michael Egan, an employee of Internet Brands and

17 a named defendant in the Texas Defamation Action, at which I was present.

18    9.    Exhibit H hereto is the Declaration of B. Lynn Walsh, Esq., General

19

20 Counsel for Internet Brands, in support of this Motion to Quash.

21    10.    Exhibit I hereto is the Declaration of Joseph Rosenblum, Chief

22

23 Technology Officer of Internet Brands in the Texas Defamation Action, in support

24 of this Motion to Quash. Annexed to the Rosenblum Decalaration is a true and

25 correct copy of Whitinger's First Supplemental Disclosures in the Texas Defamation

26

27 Action in which I am counsel.

28

IDOCS:13379.15:1164670.1

18

MOTION TO QUASH

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this Declaration was executed at Austin, Texas on January 24, 2011.

_____
JAMES RUIZ

IDOCS:13379.15:1164670.1

19

MOTION TO QUASH

# EXHIBIT A

Case 6:10-cv-00276-MHS   Document 28-1   Filed 01/12/11   Page 4 of 6

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | |
|---|---|
| DAVID WHITINGER<br>*Plaintiff*<br>v.<br>INTERNET BRANDS, INC. AND MICHAEL EGAN,<br>INDIVIDUALLY<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.   6:10-CV-00276-MHS

(If the action is pending in another district, state where:
Eastern District of Texas (Tyler Division )

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   WENDY GIBERTI, 909 NORTH SEPULVEDA BLVD., 11TH FOOR, EL SEGUNDO, CA 90245 OR WHERE
EVER SHE MAY BE FOUND

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

SEE ATTACHED PLAINTIFF'S NOTICE OF INTENTION TO TAKE ORAL DEPOSITION OF WENDY GIBERTI.

| Place: Doubletree Hotel LAX/El Segundo, 1985  East Grand<br>Avenue, Malibu Room, El Segundo, California 90245<br>(310-322-0999) | Date and Time:<br>January 25,  2011 @ 1:30 p.m. (Pacific Time<br>Zone ) |
|---|---|

The deposition will be recorded by this method:   Stenographic and videotape

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   1/06/11

*CLERK OF COURT*

OR

_____               _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Plaintiff, David Whitinger
_____ , who issues or requests this subpoena, are:
Gaines West, West, Webb, Allbritton & Gentry P.C., 1515 Emerald Plaza, College Station, Texas 77845 (979-694-7000)
gaines.west@westwebblaw.com

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 6:10-CV-00276-MHS

**PROOF OF SERVICE**

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* ______________________________
was received by me on *(date)* ______________ .

☐ I served the subpoena by delivering a copy to the named individual as follows: ______________
______________________________________________________________
______________________________________ on *(date)* ______________ ; or

☐ I returned the subpoena unexecuted because: ______________________________
______________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ______________________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc:

Case 6:10-cv-00276-MHS   Document 28-1   Filed 01/12/11   Page 6 of 6

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

DAVID WHITINGER,                    §
                                    §        CIVIL ACTION
Plaintiff                           §
                                    §        NO. 6:10-cv-00276-MHS
VS.                                 §
                                    §
INTERNET BRANDS, INC. AND           §        JURY TRIAL DEMANDED
MICHAEL EGAN, INDIVIDUALLY          §
                                    §
Defendants                          §

**PLAINTIFF'S NOTICE OF INTENTION TO TAKE ORAL/VIDEOTAPED
DEPOSITION OF WENDY GIBERTI**

To:    Defendant Internet Brands, Inc., by and through its counsel of record, Michael P. Adams
       and James G. Ruiz, Winstead PC, 401 Congress Avenue, Suite 2100, Austin, Texas
       78701

       PLEASE TAKE NOTICE that under Federal Rule of Civil Procedure 30, Plaintiff

intends to take the oral deposition of Wendy Giberti as follows:

    DATE:        January 25, 2011

    TIME:        1:30 p.m. (Pacific Time Zone) (and/or to follow the deposition of
                 Michael Egan)

    PLACE:       Doubletree Hotel LAX/El Segundo
                 1985 East Grand Avenue
                 Malibu Room
                 El Segundo, California 90245
                 310-322-0999

    COURT REPORTER/
    VIDEOGRAPHER:        Depo Dynamics
                         (877-722-0282)

The deposition will continue from day to day until completed. Please take notice that this



deposition may be videotaped.

Respectfully submitted,

WEST, WEBB, ALLBRITTON & GENTRY, P.C.

By: _____
GAINES WEST
LEAD ATTORNEY
Texas State Bar No. 21197500
1515 Emerald Plaza
College Station, Texas 77845-1515
Telephone ~ (979) 694-7000
Facsimile ~ (979) 694-8000
E-mail: gaines.west@westwebblaw.com

JENNIFER D. JASPER
Texas State Bar No. 24027026
1515 Emerald Plaza
College Station, Texas 77845-1515
Telephone ~ (979) 694-7000
Facsimile ~ (979) 694-8000
E-mail: jennifer.jasper@westwebblaw.com

ATTORNEYS FOR PLAINTIFF
DAVID WHITINGER

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been delivered as indicated below to the following counsel of record on this the 30th day of December, 2010.

Michael P. Adams                          *Via Facsimile (512)370-2850*
James G. Ruiz                             and First Class Mail
Winstead, P.C.
401 Congress Avenue, Ste 2100
Austin, Texas 78701

_____
Gaines West

# EXHIBIT B

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Central District of California

| | |
|---|---|
| DAVID WHITINGER | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   6:10-CV-00276-MHS |
| INTERNET BRANDS, INC. AND MICHAEL EGAN, INDIVIDUALLY, | ) |
| *Defendant* | ) (If the action is pending in another district, state where: |
| | ) Eastern District of Texas (Tyler Division) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  B. Lynn Walsh, 909 NORTH SEPULVEDA BLVD., 11TH FOOR, EL SEGUNDO, CA 90245 OR WHERE EVER SHE MAY BE FOUND

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

SEE ATTACHED PLAINTIFF'S NOTICE OF INTENTION TO TAKE ORAL DEPOSITION OF B. LYNN WALSH.

| Place: Doubletree Hotel LAX/El Segundo, 1985 East Grand Avenue, Malibu Room, El Segundo, California 90245 (310-322-0999) | Date and Time: January 26, 2011 @ 9:30 a.m. (Pacific Time Zone |
|---|---|

The deposition will be recorded by this method:   Stenographic and videotape

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  1/06/11

_____                        _____
      *CLERK OF COURT*                OR              *Attorney's signature*

      *Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Plaintiff, David Whitinger
                                                            , who issues or requests this subpoena, are:
Gaines West, West, Webb, Allbritton & Gentry, P.C., 1515 Emerald Plaza, College Station, Texas 77845 (979-694-7000)
gaines.west@westwebblaw.com

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  6:10-CV-00276-MHS

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____     on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____ ___

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**

**(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B) Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

**(A) When Required.** On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B) When Permitted.** To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C) Specifying Conditions as an Alternative.** In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:

**(A) Documents.** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B) Form for Producing Electronically Stored Information Not Specified.** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C) Electronically Stored Information Produced in Only One Form.** The person responding need not produce the same electronically stored information in more than one form.

**(D) Inaccessible Electronically Stored Information.** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**

**(A) Information Withheld.** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B) Information Produced.** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| DAVID WHITINGER, | § | |
| | § | CIVIL ACTION |
| Plaintiff | § | |
| | § | NO. 6:10-cv-00276-MHS |
| VS. | § | |
| | § | |
| INTERNET BRANDS, INC. AND | § | JURY TRIAL DEMANDED |
| MICHAEL EGAN, INDIVIDUALLY | § | |
| | § | |
| Defendants | § | |

### PLAINTIFF'S NOTICE OF INTENTION TO TAKE ORAL/VIDEOTAPED
### DEPOSITION OF B. LYNN WALSH

To:   Defendant Internet Brands, Inc., by and through its counsel of record, Michael P. Adams and James G. Ruiz, Winstead PC, 401 Congress Avenue, Suite 2100, Austin, Texas 78701

PLEASE TAKE NOTICE that under Federal Rule of Civil Procedure 30, Plaintiff intends to take the oral deposition of **B. Lynn Walsh** as follows:

DATE:        January 26, 2011

TIME:        9:30 a.m. (Pacific Time Zone)

PLACE:       Doubletree Hotel LAX/El Segundo
             1985 East Grand Avenue
             Malibu Room
             El Segundo, California 90245
             310-322-0999

COURT REPORTER/
VIDEOGRAPHER:        Depo Dynamics
                     (877-722-0282)

The deposition will continue from day to day until completed. Please take notice that this

**EXHIBIT**
_____

deposition may be videotaped.

Respectfully submitted,

WEST, WEBB, ALLBRITTON & GENTRY, P.C.

By: _____
GAINES WEST
LEAD ATTORNEY
Texas State Bar No. 21197500
1515 Emerald Plaza
College Station, Texas 77845-1515
Telephone ~ (979) 694-7000
Facsimile ~ (979) 694-8000
E-mail: gaines.west@westwebblaw.com

JENNIFER D. JASPER
Texas State Bar No. 24027026
1515 Emerald Plaza
College Station, Texas 77845-1515
Telephone ~ (979) 694-7000
Facsimile ~ (979) 694-8000
E-mail: jennifer.jasper@westwebblaw.com

ATTORNEYS FOR PLAINTIFF
DAVID WHITINGER

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been delivered, as indicated below to the following counsel of record on this the 30 day of December, 2010.

Michael P. Adams                    *Via Facsimile (512)370-2850*
James G. Ruiz                       and First Class Mail
Winstead, P.C.
401 Congress Avenue, Ste 2100
Austin, Texas 78701

_____
Gaines West

# EXHIBIT C

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| DAVID WHITINGER | ) |
| *Plaintiff* | ) |
| v. | ) |
| INTERNET BRANDS, INC. AND MICHAEL EGAN, | ) |
| INDIVIDUALLY | ) |
| *Defendant* | ) |

Civil Action No.   6:10-CV-00276-MHS

(If the action is pending in another district, state where:
Eastern District of Texas (Tyler Division)

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  JOSEPH ROSENBLUM, 909 NORTH SEPULVEDA BLVD., 11TH FOOR, EL SEGUNDO, CA 90245 OR WHERE
EVER HE MAY BE FOUND

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a
deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate
one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf
about the following matters, or those set forth in an attachment:
SEE ATTACHED PLAINTIFF'S NOTICE OF INTENTION TO TAKE ORAL DEPOSITION OF JOSEPH ROSENBLUM

| Place: Doubletree Hotel LAX/El Segundo, 1985  East Grand Avenue, Malibu Room, El Segundo, California 90245 (310-322-0999) | Date and Time: January 26, 2011 @ 1:30 p.m. (Pacific Time Zone |
|---|---|

The deposition will be recorded by this method:   Stenographic and videotape

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents,
electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the
material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule
45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are
attached.

Date:  *1/06/11*

CLERK OF COURT

OR

_____                    _____
Signature of Clerk or Deputy Clerk                              Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Plaintiff, David Whitinger
_____ , who issues or requests this subpoena, are:
Gaines West, West, Webb, Allbritton & Gentry P.C., 1515 Emerald Plaza, College Station, Texas 77845 (979-694-7000)
gaines.west@westwebblaw.com



EXHIBIT
_____
_____

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  6:10-CV-00276-MHS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DAVID WHITINGER, | § | CIVIL ACTION |
| | § | |
| Plaintiff | § | NO. 6:10-cv-00276-MHS |
| | § | |
| VS. | § | |
| | § | |
| INTERNET BRANDS, INC. AND | § | JURY TRIAL DEMANDED |
| MICHAEL EGAN, INDIVIDUALLY | § | |
| | § | |
| Defendants | § | |

## PLAINTIFF'S NOTICE OF INTENTION TO TAKE ORAL/VIDEOTAPED DEPOSITION OF JOSEPH ROSENBLUM

To:   Defendant Internet Brands, Inc., by and through its counsel of record, Michael P. Adams and James G. Ruiz, Winstead PC, 401 Congress Avenue, Suite 2100, Austin, Texas 78701

   **PLEASE TAKE NOTICE** that under Federal Rule of Civil Procedure 30, Plaintiff

intends to take the oral deposition of Joseph Rosenblum as follows:

   DATE:      **January 26, 2011**

   TIME:      **1:30 p.m. (Pacific Time Zone) (and/or to follow the deposition of B. Lynn Walsh)**

   PLACE:     **Doubletree Hotel LAX/El Segundo
              1985 East Grand Avenue
              Malibu Room
              El Segundo, California 90245
              310-322-0999**

   COURT REPORTER/
   VIDEOGRAPHER:        **Depo Dynamics
                        (877-722-0282)**

The deposition will continue from day to day until completed.  Please take notice that this

deposition may be videotaped.

Respectfully submitted,

WEST, WEBB, ALLBRITTON & GENTRY, P.C.

By: _____
GAINES WEST
LEAD ATTORNEY
Texas State Bar No. 21197500
1515 Emerald Plaza
College Station, Texas 77845-1515
Telephone ~ (979) 694-7000
Facsimile ~ (979) 694-8000
E-mail: gaines.west@westwebblaw.com

JENNIFER D. JASPER
Texas State Bar No. 24027026
1515 Emerald Plaza
College Station, Texas 77845-1515
Telephone ~ (979) 694-7000
Facsimile ~ (979) 694-8000
E-mail: jennifer.jasper@westwebblaw.com

ATTORNEYS FOR PLAINTIFF
DAVID WHITINGER

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been delivered as indicated below to the following counsel of record on this the 16th day of January 2011.

Michael P. Adams                          *Via Facsimile (512)370-2850*
James G. Ruiz                              and First Class Mail
Winstead, P.C.
401 Congress Avenue, Ste 2100
Austin, Texas 78701

_____
Gaines West

# EXHIBIT D

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| DAVID WHITINGER, | § § § | CIVIL ACTION |
| Plaintiff | § § | NO. 6:10-cv-00276-MHS |
| VS. | § § | |
| INTERNET BRANDS, INC. AND MICHAEL EGAN, INDIVIDUALLY | § § § | JURY TRIAL DEMANDED |
| Defendants | § § § | |

---

### PLAINTIFF DAVID WHITINGER'S SECOND AMENDED COMPLAINT

---

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff David Whitinger ("Plaintiff") brings this Second Amended Complaint against Defendants Internet Brands, Inc. ("Internet Brands") and Michael Egan, Individually ("Egan") and would respectfully show the Court as follows:

### PARTIES

1.   Plaintiff is an individual and a citizen of the State of Texas, who resides in Jacksonville, Texas.

2.   Internet Brands is a Delaware corporation with its principle place of business in El Segundo, California. Internet Brands has been served with process and has appeared in this matter.

3.   Michael Egan is an individual who resides in California. He may be served with process at 909 North Sepulveda Boulevard, El Segundo, California 90245, or wherever he may be found.

PLAINTIFF DAVID WHITINGER'S SECOND AMENDED COMPLAINT                                   PAGE 1

## JURISDICTION AND VENUE

4.    The United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332, as this matter involves a civil actions between citizens of different states and an amount in controversy exceeding the sum or value of $75,000 exclusive of interests and costs.

5.    Plaintiff alleges that Internet Brands has sufficient contact with this district generally and, in particular, with the events herein alleged, including but not limited to its marketing of the website davesgarden.com to consumers in all 50 states, including Texas.  Davesgarden.com also has hundreds of subscribers who reside in Texas and pay annual fees for their use of the website.

6.    Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §1391(a)(2), because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District.  In particular, Internet Brands sent a cease and desist notice to Plaintiff at his residence within the Eastern District.

## CONDITIONS PRECEDENT

7.    All conditions precedent have been performed or have occurred.

## JURY DEMAND

8.    Plaintiff demands trial by jury on all issues pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## FACTS

9.    Plaintiff founded and built the website, davesgarden.com, which quickly grew into one of the web's most popular sites for gardening advice and information.   Davesgarden.com is an interactive site in which users create an account to access information, and add content, to the website.  Users may pay an annual subscription to access certain portions of the website.

10.      In 2006, Plaintiff sold davesgarden.com to Media Community, L.L.C.  As part of that transaction, Plaintiff entered into an employment agreement with NameMedia, Inc. ("NameMedia"), which included in part a non-compete agreement ("the non-compete agreement").  Several years later, NameMedia sold davesgarden.com to Internet Brands.

11.      In 2010, Plaintiff started a new website, cubits.org.  Cubits.org provides a forum for various communities of individuals with specific interests, such as health and fitness, pets, and photography.  Site members can post and share information and links related to their specific interests.

12.      On or about May 25, 2010, Plaintiff received a cease and desist letter from Internet Brands, demanding that he immediately take down the cubits.org website.  Internet Brands alleged in the cease and desist letter that its purchase of davesgarden.com from NameMedia meant that Plaintiff's obligations under the non-compete now belong to Internet Brands.  To date, however, despite repeated requests, Internet Brands has failed to produce evidence that its purchase of davesgarden.com from NameMedia included the non-compete agreement.

13.      Moreover, Michael Egan, individually and on behalf of Internet Brands as its agent or employee, subsequently published the substantive content of the cease and desist letter on davesgarden.com, which included numerous false allegations regarding Plaintiff.  Among other things, Egan's publication stated that Plaintiff had copied Internet Brands's proprietary software code to create cubits.org; had copied proprietary content from davesgarden.com and published them on cubits.org; that Plaintiff inappropriately manipulated the software code for davesgarden.com to prevent its current administrators from making certain changes to the site; and that Plaintiff had surreptitiously placed "backdoors" into the davesgarden code base that

gave him special privileges.  All of these statements are false and defamatory and tend to injure Plaintiff's business reputation.

14.     Defendants' defamatory comments published on davesgarden.com were seen by internet users who frequent davesgarden.com, as well as users of cubits.org.  Moreover, such comments substantially influenced these internet consumers, causing some of them to discontinue patronizing cubits.org.  As a result, Plaintiff has suffered damages.

## PLAINTIFF'S CAUSES OF ACTION

### Count 1: Business Disparagement

15.     Paragraphs 1 through 14 are incorporated herein for all purposes.

16.     Egan, individually and on behalf of Internet Brands as its agent or employee, published disparaging words to third parties regarding the character of Plaintiff's business. These statements were false and published with malice.  The statements were not privileged.

17.     As a result of Defendants' actions, Plaintiff has suffered pecuniary losses.

### Count 2:  Defamation

18.     Paragraphs 1 through 14 are incorporated herein for all purposes.

19.     Egan, individually and on behalf of Internet Brands as its agent or employee, published statements of fact concerning Plaintiff on the website davesgarden.com on May 28, 2010.  These statements constitute defamation per se in that they tend to injure Plaintiff's reputation and expose him to public hatred, contempt or ridicule in connection with his internet business.  The statements were either not substantially true or were entirely false.

20.     The defamatory statements were not privileged in any way, because Plaintiff has never been a public figure or official.  Plaintiff was not elected to any public position, was not a

candidate for public office, was not a household name, and has not actively sought the media's attention.

21.     Alternatively, the statements were made with actual malice, because Egan and Internet Brands either knew of their falsity or acted with reckless disregard of their truth or falsity.

22.     As a direct and proximate result of the false and defamatory statements, Plaintiff has suffered substantial damages to his reputation and pecuniary losses.

**Count Three:   Action for Declaratory Judgment Pursuant to Texas Civil Practices & Remedies Code Chapter 37**

23.     Paragraphs 1 through 14 are incorporated herein for all purposes.

24.     There is a real and actual controversy between Plaintiff and Internet Brands.  Internet Brands contends that it succeeded to the non-compete agreement which Plaintiff entered with NameMedia, and that it has the right to enforce the non-compete agreement against Plaintiff. Plaintiff denies that Internet Brands is legally entitled to enforce the non-compete agreement.

25.     Pursuant to Texas Civil Practices & Remedies Code §37.001 et seq. Plaintiff requests that this Court determine and judge that Internet Brands has no legal right to enforce the non-compete agreement against Plaintiff.

<div align="center">RESPONDEAT SUPERIOR</div>

26.     The foregoing acts of Defendant Egan are incorporated herein for all purposes. Defendant Internet Brands is responsible for the actions of its employee, Defendant Egan, pursuant to the doctrine of respondeat superior, as defined by the common law of the State of Texas, in that Defendant Egan was acting in the course and scope of his employment for Defendant Internet Brands at the time he made the defamatory statements.  In addition to or in

the alternative, Defendant Egan is an agent of Defendant Internet Brands, and the defamatory statements are referable to the duty Defendant Egan owed to Internet Brands, and were made while in the discharge of that duty.

## DAMAGES AND ATTORNEY'S FEES

27.    Defendants' wrongful conduct resulted in injury to Plaintiff.  As the proximate result of Defendants' wrongful actions, Plaintiff has suffered pecuniary loss in the form of lost customers and lost profits.

28.    As a result of Defendants' wrongful conduct, Plaintiff retained the undersigned attorney to enforce his rights.  Pursuant to Texas Civil Practices & Remedies Code §37.009, Plaintiff is entitled to his costs and attorney's fees.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff David Whitinger requests that upon final hearing, he have and take judgment against Internet Brands, Inc. for the following:

(1) actual damages;

(2) a declaratory judgment that Internet Brands has no legal right to enforce the non-compete agreement Plaintiff entered into with NameMedia;

(3) an Order that Internet Brands cease and desist any and all attempts to shut down the website www.cubits.org;

(4) an Order that Internet Brands retract the defamatory remarks posted on davesgarden.com and/or elsewhere;

(5) prejudgment and post-judgment interest at the maximum rate allowable by law;

(6) attorney's fees;

(7) costs of court or litigation expenses incurred in this cause;

(8) such other and further relief, both at law and in equity, to which Plaintiff may justly show himself entitled.

Respectfully submitted,

WEST, WEBB, ALLBRITTON & GENTRY, P.C.

By: /s/ Gaines West
    GAINES WEST
    LEAD ATTORNEY
    Texas State Bar No.  21197500
    1515 Emerald Plaza
    College Station, Texas  77845-1515
    Telephone ~ (979) 694-7000
    Facsimile ~ (979) 694-8000
    E-mail: gaines.west@westwebblaw.com


    JENNIFER D. JASPER
    Texas State Bar No. 24027026
    1515 Emerald Plaza
    College Station, Texas  77845-1515
    Telephone ~ (979) 694-7000
    Facsimile ~ (979) 694-8000
    E-mail:  jennifer.jasper@westwebblaw.com

    ATTORNEYS FOR PLAINTIFF
    DAVID WHITINGER

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document, Plaintiff David Whitinger's Second Amended Complaint, was served on the counsel listed below via the CM/ECF electronic filing system on November 17, 2010:

Michael P. Adams
James G. Ruiz
Winstead, P.C.
401 Congress Avenue, Ste 2100
Austin, Texas 78701

                /s/
                Gaines West

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DAVID WHITINGER | § | |
| | § | |
| v. | § | Case No. 6:10-cv-276 |
| | § | |
| INTERNET BRANDS, INC., and | § | |
| MICHAEL EGAN | § | |

## ORDER DENYING MOTION TO QUASH WITHOUT PREJUDICE

Before the Court is Defendant Internet Brand's Motion to Quash Deposition Subpoenas Served on Internet Brands' Attorneys and for Protective Order (Doc. No. 28). Defendant moves the Court to quash Plaintiff's deposition subpoenas served on Wendy Gilberti, Defendant's outside counsel, and B. Lynn Walsh, Defendant's general counsel. Although Defendant's initial disclosures designated these individuals as fact witnesses, Defendant alleges that any relevant information these individuals have is privileged under either the attorney-client communication privilege or the attorney work-product privilege. Having considered the parties' arguments, the undisputed facts, and the applicable law, Defendant's Motion to Quash is **DENIED** without prejudice to refiling in the Central District of California.

A motion to quash a subpoena must be filed in the court where the subpoena issued. Fed. R. Civ. P. 45(c)(3)(A); *see In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) ("[O]nly the issuing court has the power to act on its subpoenas"); 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2463.1 (3rd ed. 2008) ("Under Rule 45 as it currently reads, motions to quash, modify, or condition the subpoena are made in the district court in the district from which the subpoena issued. This is quite logical since it is the issuing court that has the needed jurisdiction to enforce the subpoena, and therefore is the logical forum

for altering its terms or rendering it nugatory."). Therefore, the proper court to consider a motion to quash a subpoena is the issuing court, rather than the court where the action is pending. *In re Clients and Former Clients of Baron & Budd, P.C.*, 478 F.3d 670, 671 (5th Cir. 2007). Here, the United States District Court for the Central District of California issued the subpoenas which are the subject of this motion. As a result, this motion is not properly before the Court and should have been filed in the issuing court.

Accordingly, the Court lacks jurisdiction over Defendant's motion. Thus, Defendant's Motion to Quash (Doc. No. 28) is **DENIED** without prejudice to refiling in the Central District of California.

**It is SO ORDERED.**

**SIGNED this 21st day of January, 2011.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

# EXHIBIT F

## DECLARATION OF WENDY E. GIBERTI

I, Wendy E. Giberti, declare as follows:

1.      My name is Wendy E. Giberti.  I am an attorney representing Internet Brands, Inc. ("Internet Brands") in connection with a lawsuit brought against it in Texas federal court by David Whitinger ("Whitinger").    All of the facts stated herein are within my personal knowledge, and I am fully competent to testify as to each of these facts if called upon to do so.

2.      On or about January 6, 2011, Whitinger served a copy of Plaintiff's Notice of Intention to Take Oral/Videotaped Deposition of Wendy Giberti and Subpoena to Testify at A Deposition in A Civil Case on Internet Brands' Texas counsel, James Ruiz of Winstead PC, calling for me to appear for a deposition on January 25, 2011 at 1:30 p.m., in El Segundo, California in connection with the Texas case.  I am the principal of iGeneral Counsel P.C. and I provide legal services on a regular basis to Internet Brands. I am not an employee of Internet Brands.  In May of 2010, Internet Brands engaged me to assess its legal rights and remedies against Whitinger for conduct he had engaged in with respect to the davesgarden.com website.  I received information from employees, representatives and agents of Internet Brands related to the Whitinger dispute in the course of providing legal services for Internet Brands, including legal advice as to its rights and remedies against Whitinger.  I consider all the information I gathered in the course of my legal representation as attorney work product.

3.      On or about May 24, 2010, I sent a cease and desist letter to Whitinger relating to his operation of the cubits.org website.  The cease and desist letter, dated May 26, 2010, has been produced to Whitinger's counsel in the Texas case and speaks for itself.  The cease and desist letter was not published by me in any manner.  I mailed the cease and desist letter to Whitinger and provided a copy to Internet Brands' General Counsel.  I am unaware of any individual

associated with Internet Brands posting the cease and desist letter on the davesgarden.com website or publishing the contents of the letter in any manner. Any such act of publishing the contents of the cease and desist letter would have been without my knowledge or consent. Further, I do not have personal knowledge of the information contained in the cease and desist letter independent of what I learned in my capacity as Internet Brands' counsel.

4.     Moreover, the cease and desist letter is not the subject of Whitinger's claims for defamation and commercial disparagement in this lawsuit. Whitinger's claims are based on a May 28, 2010 posting on the davesgarden.com website by Michael Egan. I had no involvement with the posting at issue in this case and only became familiar with the posting in my capacity as counsel for Internet Brands. I have no personal or superior and unique knowledge of the underlying facts set out in the posting at issue in this case. After Whitinger instituted his Texas suit, I have served as Internet Brands' "in-house" supervising attorney and have participated in numerous litigation strategy and trial strategy with Texas trial counsel, James Ruiz, and Internet Brands' General Counsel, Lynn Walsh. I also receive periodic status reports on the progress of the litigation.

5.     The extent of my involvement in any other issue related to the claims asserted by Plaintiff in this action was my exchange of email messages with a couple of individuals associated with NameMedia, Inc. ("Name Media") related to my attempts to secure an affidavit confirming the assignment of the Employee Confidentiality and Non-Solicitation Agreement, dated January 11, 2007 (the "Non-Compete Agreement"), between Whitinger and Name Media to provide Whitinger with proof of the assignment of the Non-Compete Agreement short of producing a copy of the confidential Asset Purchase and Sales Agreement entered into between Internet Brands and Name Media as of December 9, 2009. The email communications have

DECLARATION OF WENDY E. GIBERTI                                                    PAGE 2

been produced to Whitinger in the course of discovery and speak for themselves.  Further, the email communications between me and Name Media are not relevant to any claims in this action because the Asset Purchase and Sales Agreement speaks for itself and is determinative of the issue whether the Non-Compete Agreement was assigned to Internet Brands.  Consequently, I have no non-privileged information relating to these claims or defenses asserted in this cause of action and will not be called to testify on behalf of Internet Brands at trial in this action.

     I declare under the penalty of perjury of the law of the United States that the foregoing is true and correct.

     Executed this 24th day of January, 2011 at El Segundo, California.


_____
Wendy E. Giberti

# EXHIBIT G

Michael Egan - 12/2/2010

1 (Pages 1 to 4)

**Page 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

DAVID WHITINGER,

    Plaintiff,

    vs.    )CASE NO. 6:10-cv-00276-MHS

INTERNET BRANDS, INC.,

    Defendant.

VOLUME I VIDEOTAPED DEPOSITION OF MICHAEL EGAN
Thursday, December 2, 2010
El Segundo, California

REPORTED BY: CHRISTINE FOLEY-GRUBERT
CSR 13357

(Witness Reading Copy

**Page 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

DAVID WHITINGER,

    Plaintiff,

    vs.    )CASE NO. 6:10-cv-00276-MHS

INTERNET BRANDS, INC.,

    Defendant.

VOLUME I VIDEOTAPED DEPOSITION OF MICHAEL EGAN,
taken before Christine Foley-Grubert, a Certified Shorthand
Reporter for the State of California, with principal office
in the County of Orange, commencing at 2:10 p.m., Thursday,
December 2, 2010, at 1985 East Grand Avenue, El Segundo,
California.

**Page 3**

APPEARANCES OF COUNSEL:

FOR THE PLAINTIFF:

    LAW OFFICES OF WEST, WEBB, ALLBRITTON & GENTRY, PC
    By: Gaines West, Esq.
    1515 Emerald Plaza
    College Station, Texas 77845-1515
    TEL: (979) 694-7000
    FAX: (979) 694-8000

FOR THE DEFENDANT:

    WINSTEAD, PC
    By: James G. Ruiz, Esq.
    401 Congress Avenue
    Suite 2100
    Austin, Texas 78701
    TEL: (512) 370-2818
    FAX: (512) 370-2850
    EMAIL: jruiz@winstead.com
    Wendy Giberti, Esq.
    INTERNET BRANDS, INC.
    909 North Sepulveda
    Eleventh Floor
    El Segundo, California 90245
    TEL: (310) 280-4365

ALSO PRESENT:

    Glenn Ripps, Videographer

**Page 4**

INDEX

Examination by:    Page

Mr. West  -----------------------  5

EXHIBIT

tabbies®

Depo Dynamics
(888) 494-3370

0c8ba732-87d4-413a-a513-d635e25f6110

Case 6:10-cv-00276-MHS   Document 32-1   Filed 01/21/11   Page 3 of 4

### Michael Egan - 12/2/2010

2 (Pages 5 to 8)

**5**

1  VIDEOGRAPHER: Good morning. This is the
2  videotaped deposition of Michael Egan. The date is
3  December 2nd, 2010. The time is approximately 2:11 p.m.
4  Will counsel present please identify yourselves and
5  who you represent, and will the court reporter please swear
6  the witness.
7  MR. WEST: Gains West, representing Plaintiff.
8  MR. RUIZ: James Ruiz, representing
9  Internet Brands, Inc.
10
11  MICHAEL EGAN,
12  called as a witness by and on behalf of the Plaintiff,
13  having been duly sworn by the Certified Shorthand Reporter
14  was examined and testified as follows:
15
16  MR. WEST: Let me start out by saying for the
17  record, Mr. Ruiz and I have agreed that Mr. Abrahamian and
18  Mr. Egan's depositions will be subject to our agreement of
19  20 days read and sign; is that right?
20  MR. RUIZ: That's correct.
21
22  EXAMINATION
23  BY MR. WEST:
24  Q  For the purposes of the record, if you would state
your full name, please.

**6**

1  A  Michael Stuart Egan.
2  Q  Your current address, please?
3  A  Encino, California.
4  Q  How long have you been in Encino, California?
5  A  Three years.
6  Q  Do you have a street address there?
7  A  5461 Forbes Avenue.
8  Q  Are you married?
9  A  Yes.
10  Q  Your wife's name?
11  A  Baramuth Keawchoho.
12  Q  You're going to have to spell that.
13  A  Yeah, I knew I would. First name, B-a-r-a-m-u-t-h.
14  Last name, K-e-a-w-c-h-o-h-o.
15  Q  What does she do?
16  A  She's an artist.
17  Q  Has she ever worked in the computer industry?
18  A  No.
19  Q  And doesn't now or never has or probably doesn't
20  plan to work for Internet Brands?
21  A  No.
22  Q  You realize that you're a defendant in this
lawsuit?
-  A  Yes.
25  Q  And I had asked in the beginning whether Mr. Ruiz

**7**

1  or Ms. Giberti represented Mr. Abrahamian, and he said no.
2  I will ask you the same question.
3  Do you have a lawyer?
4  A  As an employee of Internet Brands, Wendy and
5  Mr. Ruiz are representing me.
6  Q  Personally?
7  A  Personally, I have not made a decision yet.
8  Q  What I want to be sure of is if -- I need you to
9  affirmatively tell me you're fine going forward with this
10  deposition without your personal lawyer here.  If you want
11  to say no, you know, I really haven't filed an answer yet, I
12  haven't found me a lawyer yet, I don't want to go forward
13  with this deposition until I have a lawyer, I will respect
14  that, and we will recess and reconvene at some point.  So
15  that is up to you.
16  But I don't want to go forward and be in a
17  situation where you may retain legal counsel and he says,
18  oh, geez, I wasn't there, and I didn't have an opportunity
19  to advise my client and that sort of thing.  So just be sure
20  you have no problem going forward without an attorney, your
21  personal attorney?
22  A  I'm okay with that.
23  Q  Okay.
24  You were here during all of Mr. Abrahamian's
25  testimony, were you not?

**8**

1  A  I was.
2  Q  So I would first ask you, have you ever given a
3  deposition before?
4  A  I have not.
5  Q  But you heard all of my agreements that I had with
6  Mr. Abrahamian, and I believe you heard us go through that
7  Do you have any questions on the conduct of a
8  deposition?
9  A  I do not.
10  Q  You also know that if you have a special need to
11  take a break or whatever, let me know and I will try to
12  accommodate as I did with Mr. Abrahamian, except the one
13  instance I had to get through a question.
14  Do you understand the?
15  A  I understand.
16  Q  Do you have any medical conditions the I need to
17  know about that I need to observe during the deposition?
18  A  I do not.
19  Q  Are you on any medication that keep you from being
20  alert and being able to understand and respond appropriately
21  to the questions?
22  A  No.
23  Q  The one agreement that I'm going to repeat that I
24  think is always important to make sure that a deponent
25  understands, and the agreement I'm going to ask for is if

0c8ba732-87d4-413a-a513-d635e25f6110

Michael Egan - 12/2/2010

13 (Pages 49 to 52)

| 49 | 51 |
|---|---|
| 1    A  I do not know. | 1    Q  First full paragraph or starting with "again"? |
| 2    Q  Do you know how the administrator posts on those | 2    A  No.  Let me be clear.  Um — |
| 3  plant file databases? | 3    Q  Starting with Section 4? |
| 4    A  I do not. | 4    A  For example, on the competing website, the forum |
| 5    Q  Do you know if they do? | 5  you personally claim to own there was a database which had |
| 6    A  I do not know. | 6  179,958 entries in it. |
| 7    Q  Look at Exhibit 3, if you will.  That is the cease | 7    Q  Hold on.  I'm not with you.  We are on — |
| 8  and desist letter. | 8    A  It's within the paragraph starting beginning with |
| 9    A  It is. | 9  "Again". |
| 10    Q  It's on — the date is May 28; is that correct? | 10    Q  There you go.  Thank you. |
| 11    A  May 24th. | 11        You're reading how many lines down? |
| 12    Q  May 24th, I'm sorry.  May 24th, 2010. | 12    A  One, two, three, at the end of the fourth line |
| 13        Did you see that before it went out? | 13  starting with — |
| 14    A  I did not. | 14    Q  "For example"? |
| 15    Q  When is the first time you saw the letter? | 15    A  "For example." |
| 16    A  I think today is the first time I have seen this | 16    Q  Read that again. |
| 17  letter. | 17    A  "For example, on the competing website a forum |
| 18    Q  Um, have you ever read the content of that | 18  which you personally claim to own, Cubits.org/plants, there |
| 19  letter? | 19  is a database which has 179,958 entries in it." |
| 20    A  I have not. | 20    Q  You participated in providing that information? |
| 21    Q  Why don't you stop and do that. | 21    A  Yes. |
| 22    A  Okay. | 22    Q  What did you do to get that information? |
| 23    Q  Tell me when you're ready. | 23    A  I looked at Dave's profile on Cubits.org. |
| 24    A  Okay. | 24    Q  What did you find in those entries?  What did those |
| 25    Q  Mr. Egan, did your post predate the May 24th cease | 25  entries contain? |

| 50 | 52 |
|---|---|
| 1  and desist letter? | 1    A  Which entries? |
| 2    A  Yes. | 2    Q  The 179,958 entries. |
| 3    Q  By how much? | 3    A  I didn't look at all 179,958. |
| 4    A  I believe the post was on May 28th. | 4    Q  Did you look at any of them? |
| 5    Q  And on May 28th, you didn't have any idea this had | 5    A  I looked at some of them, yes. |
| 6  gone out? | 6    Q  What were they? |
| 7    A  I did have an idea. | 7    A  They were listings of plants and within each |
| 8    Q  I thought you said you had never seen it. | 8  listing, I believe there was a link to Dave's Garden and a |
| 9    A  I had never seen the document, but I knew a cease | 9  link to someplace else, and I don't know — not exactly sure |
| 10  and desist had been given to Dave. | 10  if there were other things within that. |
| 11    Q  Did you participate in any — in parts of this | 11    Q  And what is the offensive thing; that there is a |
| 12  letter in providing the information? | 12  link to Dave's Garden |
| 13    A  I would imagine that some of the information that I | 13    A  I don't know if there is anything offensive — |
| 14  have provided to Wendy and Lynn were used to structure this | 14  whether it stated anything offensive in there. |
| 15  letter. | 15    Q  Well, I guess Ms. Giberti was writing that he |
| 16    Q  Can you point out to me which portion of it? | 16  wrongfully created a competing business.  That would be |
| 17    A  To be honest with you, it would be up to them to | 17  offensive, I guess.  You were supplying information to |
| 18  answer that.  I don't know which information they used to | 18  demonstrate that this was a competing business, so that |
| 19  write this or not. | 19  would be offensive, wouldn't you agree? |
| 20    Q  I know, but in reading this, though, you ought to | 20        MR. RUIZ:  Object to the form of the question. |
| 21  be able to say, yeah, that relates to something I told them- | 21        THE WITNESS:  My statement was that I supplied the |
| 22  or investigated. | 22  information associated with the database. |
| 23    A  Well, the section around the plant database. | 23        MR. WEST:  I see. |
| 24    Q  Where is that Bates number at the — | 24    Q  Is there anyplace that you captured and have in |
| 25    A  IB-00438, first paragraph there. | 25  your files what you did back then to come up with these |

Depo Dynamics
(888) 494-3370

0c8ba732-87d4-413a-a513-d635e25f6110

# EXHIBIT H

## DECLARATION OF B. LYNN WALSH

I, B. Lynn Walsh, declare as follows:

1.      My name is B. Lynn Walsh.  I am the General Counsel of Internet Brands, Inc. ("Internet Brands"), as well as the corporation's Executive Vice-President for Corporate Development, and Corporate Secretary. All of the facts stated herein are within my personal knowledge, and I am fully competent to testify as to each of these facts if called upon to do so.

2.      On or about January 6, 2011, David Whitinger ("Whitinger") served a copy of Plaintiff's Notice of Intention to Take Oral/Videotaped Deposition of B. Lynn Walsh and a Subpoena to Testify at A Deposition in A Civil Case on Internet Brands' Texas counsel, James Ruiz of Winstead PC, calling for my deposition on January 26, 2011 at 9:30 a.m., in El Segundo, California in connection with a lawsuit brought by Whitinger against Internet Brands for defamation and commercial disparagement relating to a posting made by Michael Egan ('Egan"), the general manager of the Home Division of Internet Brands, and for a declaratory judgment with respect to the enforceability of a non-compete agreement.  In my role as General Counsel for Internet Brands, I routinely am notified of legal disputes involving the company by employees, representatives and agents of Internet Brands.

3.      In May of 2010, I was notified of a dispute with Whitinger concerning postings he had made on the davesgarden.com website inviting members to join his new site, cubits.org, and of what appeared to be Whitinger's duplication of certain portions of the davesgarden.com website on his new site.  I, as General Counsel, engaged Wendy Giberti, iGeneral Counsel, P.C., to represent Internet Brands' interests and to assess its legal rights and remedies if Whitinger has engaged in any wrongful conduct.  After Whitinger filed suit, I engaged James Ruiz and Winstead PC to defend Internet Brands in the Texas suit.  I have participated in numerous

DECLARATION OF B. LYNN WALSH                                                    PAGE 1

litigation strategy and trial strategy conferences with Wendy Giberti and James Ruiz concerning the litigation and receive periodic status reports on the progress of the litigation. The information I have concerning the claims asserted in Texas has been acquired in my role as General Counsel through employees and outside counsel updating me on developments in the case, or representing Internet Brands' legal interests with respect to such matters. I consider all such information attorney work product.

   4.  Whitinger has listed me in Plaintiff's First Supplemental Disclosures as a "Fact Witness" who has knowledge of facts surrounding the Asset Purchase and Sale Agreement entered into by and between Name Media, Inc ("Name Media") and Internet Brands as of December 9, 2009, "and the rights and interest transferred under the agreement." As General Counsel, I was involved in the negotiations relating to the acquisition of various websites from Name Media, including the davesgarden.com site. However, Internet Brands and Name Media entered into a comprehensive agreement that sets out the rights and interests transferred to Internet Brands. Any negotiations leading up to the final agreement have on bearing on the defamation or commercial disparagement claims asserted by Whitinger in the Texas action, or the enforceability of the non-compete agreement.

   5.  As to the matters pertaining to the assignment of the Employee Confidentiality and Non-Solicitation Agreement, dated January 11, 2007, and signed by Whitinger (the "Non-Compete Agreement"), the Asset Purchase and Sales Agreement and Non-Compete Agreement speak for themselves and will be determinative of the issue whether the Non-Compete Agreement was assigned to Internet Brands. Any testimony I could provide concerning the negotiations relating to the acquisition will not be relevant to the Court's interpretation of the agreements. Moreover, under the best case scenario for Internet Brands, the Non-Compete

Agreement expires by its own terms on February 10, 2011, at which time the issues whether it was assigned to Internet Brands, or if Internet Brands can enforce the Non-Compete Agreement become moot.  Internet Brands has not, and will not waive the attorney-client/attorney work product privilege in the Texas action.  I have no non-privileged relevant information relating to the claims or defenses asserted in the Texas action and will not be called to testify on behalf of Internet Brands at trial in that action.

6.     I am knowledgeable of the agreements entered into by Internet Brands in connection with the Asset Purchase and Sales Agreement and had such documents in my possession.  I have produced all the relevant and non-privileged documents in my possession relating to the assignment of the non-compete agreement to Whitinger in connection with the Texas case.

I declare under the penalty of perjury of the law of the United States that the foregoing is true and correct.

Executed this 24th day of January, 2011, at El Segundo, California

_____
B. Lynn Walsh

# EXHIBIT I

## DECLARATION OF JOSEPH ROSENBLUM

I, Joseph Rosenblum, declare as follows:

1.      My name is Joseph Rosenblum.  I am the Chief Technology Officer for Internet Brands, Inc. ("Internet Brands").   All of the facts stated herein are within my personal knowledge, and I am fully competent to testify as to each of these facts if called upon to do so.

2.      On January 10, 2011, Plaintiff David Whitinger served a Subpoena to Testify at A Deposition in A Civil Case and copy of Plaintiff's Notice of Intention to Take Oral/Videotaped Deposition of Joseph Rosenblum on me, seeking my deposition on January 26, 2011 at 1:30 p.m., in El Segundo, California in connection with a lawsuit in Texas brought by David Whitinger ("Whitinger") against Internet Brands and Michael Egan ("Egan"), the general manager of the Home Division of Internet Brands, for defamation and commercial disparagement arising from a posting on a forum board on the davesgarden.com website by Egan.  I have had no involvement in the activities and events upon which the defamation and commercial disparagement case is based and I do not have personal knowledge of the facts pertaining to such claims.

3.      I understand Whitinger first identified me as a "Fact Witness" who *"may have knowledge regarding the purchase of davesgarden.com website by Internet Brands from Name Media, Inc., matters related to the management of the website, software code(s) pertaining to davesgarden.com, Dave Whitinger's alleged employment relationship with Internet Brands, computer industry standards and trade terms, and investigation criteria for recovery of alleged wrongdoing,"* in the Texas case in Plaintiff's First Supplemental Disclosures, served on Internet Brands on January 4, 2010, A copy of Plaintiff's First Supplemental Initial Disclosures is attached hereto.  Contrary to Plaintiff's conjecture, I do not have superior or unique personal

knowledge with respect to any of the subjects listed in Plaintiff's First Supplemental Disclosures. Egan, as general manager of the division in which davesgarden.com is assigned, is the individual most directly involved and knowledgeable of the management issues pertaining to the website. I understand Egan already was deposed in this case on December 2, 2010 and will be presented for deposition again in the Texas case on January 25, 2011.

4.       As to the unspecified software code(s) pertaining to davesgarden.com website, Armen Abrahamian and his staff are directly involved in such matters and are the individuals most knowledgeable of matters pertaining to the software code of the davesgarden.com website on Internet Brands' end. I understand Armen Abrahamian was designated as the corporate representative to testify on programming issues relating to the website, and was deposed as the corporate representative of Internet Brands in this case on December 2, 2010. I have not been designated an expert witness in this case.

5.       Finally, I have no idea what "investigation criteria for recovery of alleged wrongdoing," Whitinger is referring to in his First Supplemental Disclosures. I do not understand how any such investigation relates to this case as I understand Internet Brands has asserted no affirmative claims in the Texas action. The individuals directly involved in the activities and events that gave rise to the Whitinger's claims with superior and unique personal knowledge relating to the claims and issues in the Texas case are Egan, Armen Abrahamian and Theresa Lea. I understand Whitinger already has deposed those individuals in the Texas case. Any testimony I could possibly give in this case would at best be duplicative of the some of the testimony already given by Messrs. Egan and Abrahamian and Ms. Lea. I will not be called to testify on behalf of Internet Brands at trial in the Texas action.

I declare under the penalty of perjury of the law of the United States that the foregoing is true and correct.

Executed this 24th day of January, 2011, at El Segundo, California.

_____
JOSEPH ROSENBLUM

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DAVID WHITINGER, | § § § § | CIVIL ACTION |
| Plaintiff | § § | NO. 6:10-cv-00276-MHS |
| VS. | § § | |
| INTERNET BRANDS, INC. AND MICHAEL EGAN, INDIVIDUALLY | § § § | JURY TRIAL DEMANDED |
| Defendants | § | |

**PLAINTIFF'S FIRST SUPPLEMENTAL DISCLOSURES**

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiff discloses the

following:

## I.
### FACT WITNESSES

Dave Whitinger
c/o Gaines West
West, Webb, Allbritton & Gentry, P.C.
1515 Emerald Plaza
College Station, Texas 77845
Telephone: 979-694-7000
Fax: 979-694-7000
*Plaintiff*

Michael Egan
Internet Brands, Inc.
909 North Sepulveda Blvd, 11th Floor
El Segundo, CA 90245
*Mr. Egan is a Defendant in this matter.*

Wendy Giberti
Internet Brands, Inc.
909 North Sepulveda Blvd, 11th Floor
El Segundo, CA 90245
Telephone: (310) 280-4365

**EXHIBIT**

Fax: (310)280-4335
*Ms. Giberti has knowledge of facts surrounding the cease and desist letter sent to Plaintiff.*

Wade Hewitt and/or
Representative of
Internet Brands, Inc.
909 North Sepulveda Blvd, 11th Floor
El Segundo, CA 90245
Telephone: (310) 280-4365
Fax: (310)280-4335
*Internet Brands, Inc. is a Defendant in this matter.*

B. Lynn Walsh
Internet Brands, Inc.
909 North Sepulveda Blvd, 11th Floor
El Segundo, CA 90245
Telephone: (310) 280-4365
Fax: (310)280-4335
*Ms. Walsh has knowledge of the facts surrounding the Asset Purchase and Sale Agreement entered into by and Between Name Media and Internet Brands and the rights and interest transferred under the agreement.*

Jeffery S. Bennett
Kelly Conlin
Brian D. Lucy and/or
Representative of NameMedia, Inc.
230 Third Avenue
Waltham, MA 02451
781-839-2800
*These individuals may have knowledge regarding the employment agreement with Plaintiff, and knowledge of whether that agreement was assigned to Defendant*

Melody Rose
3637 Jonathan Drive
Hebron, Kentucky 41048
Phone number unknown
*Ms. Rose has knowledge regarding the falsity of the defamatory statements*

Theresa Lea
151 Paschal Drive
Murfreesboro, TN 37128
615-869-0961
*Ms. Lea has knowledge regarding the falsity of the defamatory statements*

230 Third Avenue
Waltham, MA 02451
781-839-2800
*Entity to which Plaintiff assigned davesgarden, the sole member of which is NameMedia, Inc.*

StandardOut, Inc.
c/o Dave Whitinger
to be contacted through counsel only
Former owner of davesgarden.com

Karen Hertzberg
1314 Utah Street
Watertown, WI 53094-6446
*Ms. Hertzberg has knowledge regarding Michael Egan's defamatory post concerning Dave Whitinger and Cubits.org.*

Joseph Rosenblum
Chief Technology Officer
Internet Brands, Inc.
909 North Sepulveda Blvd, 11th Floor
El Segundo, CA 90245
Telephone: (310) 280-4365
Fax: (310)280-4335
*Mr. Rosenblum is employed as the Chief Technology Officer for Internet Brands and may have knowledge regarding the purchase of davesgarden.com website by Internet Brands from NameMedia, Inc., matters related to the management of the website, software code(s) pertaining to davesgarden.com, Dave Whitinger's alleged employment relationship with Internet Brands, computer industry standards and trade terms, and investigation criteria for recovery of alleged wrongdoing.*

Respectfully submitted,

WEST, WEBB, ALLBRITTON & GENTRY, P.C.

By:    /s/ Gaines West
       GAINES WEST
       LEAD ATTORNEY
       Texas State Bar No.  21197500
       1515 Emerald Plaza
       College Station, Texas  77845-1515
       Telephone ~ (979) 694-7000
       Facsimile ~ (979) 694-8000
       E-mail: gaines.west@westwebblaw.com

JENNIFER D. JASPER
Texas State Bar No. 24027026
1515 Emerald Plaza
College Station, Texas  77845-1515
Telephone ~ (979) 694-7000
Facsimile ~ (979) 694-8000
E-mail:  jennifer.jasper@westwebblaw.com

ATTORNEYS FOR PLAINTIFF
DAVID WHITINGER

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document, Plaintiff's Initial Disclosures, has been delivered via certified mail, return receipt requested to the following on this the **4th** day of January, 2011.

Michael P. Adams
James G. Ruiz
Winstead, P.C.
401 Congress Avenue, Suite 2100
Austin, Texas 78701

Via Facsimile - 512-370-2850
and First Class Mail

/s/ Gaines West
GAINES WEST

**ERVIN COHEN & JESSUP LLP**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>**CERTIFICATE OF SERVICE**</u>

I, the undersigned, do hereby certify that on this 24th day of January, 2011, a true and correct copy of the foregoing Motion to Quash Deposition Subpoenas and for Protective Order was forwarded via U.S. Mail to the following:

Gaines West
Jennifer D. Jasper
West Webb Allbritton & Gentry, PC
1515 Emerald Plaza
College Station, Texas  77845-1515

Shannon Dacus
Ramey & Flock, P.C.
100 East Ferguson,
Suite 500
Tyler, Texas 75702

Patrick C. Quinlivan
Tredway Lumsdaine & Doyle LLP
1920 Main Street, Suite 1000
Irvine, CA 92614
(949) 265-3508/(949) 756-0684
p.quinlivan@qwllp.com
Attorneys for Defendant David Whitinger, an individual

January 24, 2011

David N. Tarlow

IDOCS:13379.15:1164670.1

20

MOTION TO QUASH